IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FARM CREDIT ILLINOIS, PCA,** a federally chartered corporation, | |
| Plaintiff, | |
| v. | Case No. 21-CV-792-SPM |
| **TERRY E. HODSON, MARLENE G. HODSON,** and **UNITED STATES OF AMERICA,** acting by and through The Department of Justice, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Farm Credit Illinois, PCA, a federally charted corporation, filed suit against Defendants Terry E. Hodson, Marlene G. Hodson, and United States of America, acting by and through The Department of Justice, seeking the satisfaction of a debt through foreclosure of a lien on the interest in certain real property held by Mr. Hodson. The current matter before the Court is the Hodsons' Amended Motion to Dismiss for Failure to State a Claim, pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 15). For the reasons set forth below, the Motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On July 23, 2004, Farm Credit Illinois obtained a judgment against Mr. Hodson, in the sum of $77,040.12 pursuant to a judgment order entered by the United States Bankruptcy Court for the Southern District of Illinois in Bankruptcy Case No. 03-06040 (Doc. 1-2). On May 27, 2015, the 2004 judgment entered against Mr. Hodson

was revived by an order of the bankruptcy court (Doc. 1-2). On July 18, 2015, a Memorandum of Revival of the 2004 judgment was recorded in Crawford County (Doc. 1-2).

On July 8, 2021, the United States filed a Notice of Removal in the Southern District of Illinois removing this foreclosure case from the Second Judicial Circuit Court in Crawford County, Illinois (Doc. 1). The Hodsons filed a Motion to Dismiss on August 23, 2021 (Doc. 15). The Hodsons do not deny that they own the two parcels of real estate at issue for foreclosure (*Id.*). Instead, they argue that revival Farm Credit Illinois' judgment was invalid (*Id.*). On September 22, 2021, Farm Credit Illinois filed a response in opposition to Hodsons' Motion (Doc 16).

## Legal Standard

To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must provide enough "factual enhancement" to "[nudge] their claims across the line from conceivable to plausible . . . ." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

When applying this standard, the court must "accept as true all factual allegations in the amended complaint and draw all permissible inferences in [the non-moving plaintiff's] favor." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very

remote and unlikely." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013), *quoting Twombly,* 550 U.S. at 556. However, allegations that merely state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to this assumption of truth. *Ashcroft v. Iqbal*, 566 U.S. at 678.

## ANALYSIS

The Hodsons assert that Farm Credit Illinois's revival of its judgment and subsequent recordation of the Memorandum of Revival were not timely under Illinois law. The Hodsons argue that under Illinois law a judgment cannot be revived, and a new judicial lien cannot attach to real property, when recorded more than seven years after the entry of the original judgment. Therefore, the Hodsons argue that Farm Credit Illinois is precluded from obtaining a judicial lien and thus fails to state a claim upon which relief can be granted.

FED. R. CIV. P. 69 requires that the execution of a judgment must proceed according to state law. In Illinois, a judgment is valid for seven years, but it can be revived (*see* 735 ILCS 5/12-108(a)) within twenty years of the date of judgment (*see* 735 ILCS 5/13-218). *See Berthoud v. Veselik*, 2018 WL 6831129, at *3 (N.D. Ill. Dec. 27, 2018). So, it is not necessary to file a petition to revive a judgment prior to expiration of the seven-year period in which the judgment lien may still be enforced. *First Nat. Bank in Toledo v. Adkins,* 272 Ill. App. 3d 111, 116 (1995). A judgment may be revived within the more expansive 20-year period after it was entered, although a judgment creditor's lien may lose its priority if not renewed at the time it expires. 735 ILCS 5/13-218.

Here, Farm Credit Illinois's 2004 judgment entered against the Hodsons was revived by an order of the bankruptcy court on May 27, 2015. (Doc 1-2). Later, on July 18, 2015, a Memorandum of Revival of the 2004 judgment was recorded in Crawford County (Doc 1-2). Farm Credit Illinois's revival of the 2004 judgment occurred after the seven-year period of enforceability but was within the twenty-year period statutorily allowed to revive the judgment. Contrary to the arguments made by the Hodsons, a judgment can be revived, and a new judgment lien can be entered, on real property after the statutorily granted seven-year period of enforceability so long as twenty years has not passed since the original entry of judgment. *See* 735 ILCS 5/2-1602; *see also Adkins*, 272 Ill. App. 3d at 116. Therefore, Farm Credit Illinois's revival of the bankrupt court's judgment and recordation of the Memorandum of Revival were timely under Illinois law. As a result, the facts alleged by Farm Credit Illinois in its Complaint sufficiently state a plausible claim for relief.

## CONCLUSION

For the reasons set forth above, Defendant Terry E. Hodson and Marlene G. Hodson's Motion to Dismiss (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** January 27, 2022

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
